IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF NEW JERSEY; STATE OF RHODE ISLAND; STATE OF MARYLAND; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF MAINE; COMMONWEALTH OF MASSACHUSETTS; PEOPLE OF THE STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF WISCONSIN., <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION; SEAN P. DUFFY, in their official capacity as Secretary of the United States Department of Transportation, <br><br> Respondents. | No. 25-1613 |

**UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE**

1. This case concerns a challenge to the U.S. Department of Transportation's imposition of certain immigration-related conditions on grant funding, and the actions of the agency in furtherance of the imposition of such conditions. Petitioners have filed a similar challenge to the same actions in the U.S. District Court for the District

of Rhode Island. *See California v. U.S. Department of Transportation*, No. 1:25-cv-00208-JJM-PAS (D.R.I.). The district court entered a preliminary injunction on June 19, 2025, and litigation remains ongoing in the district court.

2. In their petition for review, petitioners note that they filed the petition "in an abundance of caution" in order to "protect [their] right to judicial review in the event the district court is held to lack jurisdiction" over the parallel litigation. Pet. 3. Petitioners point to arguments raised, but not at the time adjudicated, in district court as to the proper forum for all of the claims. The district court has since concluded in its preliminary injunction order that the statutes relied on by federal defendants providing for exclusive jurisdiction in the court of appeals "do not apply" to the claims before it. Preliminary Injunction Opinion 3, *California v. Dep't of Transportation*, No. 25-cv-208 (June 19, 2025).

3. The federal government hereby moves to put this case into abeyance pending the resolution of the parallel case in district court. The parties agree that placing this case in abeyance while they litigate the same dispute in district court serves the interest of judicial economy. The parties will notify this Court promptly following the resolution of the district court case and propose to file motions to govern further proceedings no later than 30 days from the final judgment of the district court.

4. Counsel for petitioners have authorized the undersigned to represent that they do not oppose this motion.

                                                Respectfully submitted,

                                                DANIEL TENNY

                                                /s/ *Laura E. Myron*
                                                LAURA E. MYRON
                                                  Attorneys, Appellate Staff
                                                  Civil Division, Room 7228
                                                  U.S. Department of Justice
                                                  950 Pennsylvania Ave., N.W.
                                                  Washington, D.C. 20530
                                                  (202) 514-4819
                                                  Laura.e.myron@usdoj.gov

JULY 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 309 words, according to the count of Microsoft Word.

/s/ Laura E. Myron
LAURA E. MYRON